UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| RANDEL L. SCOTT | CIVIL ACTION NO. 09-0766 |
| VS. | SECTION P |
| FIFTH JUDICIAL DISTRICT COURT, ET AL. | CHIEF JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Randel L. Scott, proceeding *in forma pauperis*, filed the instant "Petition for Supervisory Writ of Mandamus" in this Court on May 5, 2009. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the pleading be **DISMISSED WITH PREJUDICE.**

### *Statement of the Case*

Petitioner is apparently awaiting trial in Louisiana's Fifth Judicial District Court on charges of Indecent Behavior with Juveniles (La. R.S.14:81) and Obscenity (La. R.S.14:106) in the matter entitled *State of Louisiana v. Randel L. Scott*, Docket Number 2008-143-F. On or about October 27, 2008, while he was incarcerated in the Richland Parish Detention Center, petitioner filed a pro se "Request and Motion for Discovery, Disclosure and Inspection and for a Bill of Particulars" in the Fifth Judicial District Court. [rec. doc. 1-3, pp. 6-40] Sometime after that petitioner was released from custody. On December 10, 2008, he corresponded with the Franklin Parish Clerk of Court requesting the status of his discovery motion. He also advised the Clerk of his release from detention and provided a residential address in West Monroe,

Louisiana. [rec. doc. 1-3, p. 41]

On or about April 16, 2009, petitioner filed a *pro se* "Application for Writ of Mandamus " in Louisiana's Second Circuit Court of Appeal apparently seeking to compel a response to his previously filed request for discovery. [rec. doc. 1-3, pp. 1-5]

Having apparently received no response from the Court of Appeals, petitioner, on May 5, 2009, filed the instant pleading seeking mandamus relief based on his claim that the Louisiana Courts have failed to respond to his prior pleadings.

*Law and Analysis*

Petitioner is apparently asking this Court to order Louisiana's Fifth Judicial District Court and Second Circuit Court of Appeals to act on his pleadings filed pursuant to provisions of Louisiana's Code of Criminal Procedure. Petitioner is advised – federal courts may not interfere with the state courts' application of state law. *cf. Smith v. McCotter*, 786 F.2d 697, 700 (5th Cir.1986) ("We do not sit as a 'super' state supreme court. (citation omitted) Consequently, we decide ... issues only to the extent that federal constitutional issues are implicated and we refuse to act as an arm of the [state court of appeals]...").

Contrary to petitioner's mistaken belief, this court holds no supervisory power over state judicial proceedings and may intervene only to correct errors of constitutional dimensions. *Smith v. Phillips*, 455 U.S. 209, 221, 102 S.Ct. 940, 948, 71 L.Ed.2d 78 (1982).

Further, to the extent that petitioner seeks to invoke the *mandamus* jurisdiction of this court, such a claim is likewise subject to dismissal. Title 28 U.S.C. § 1361 provides in pertinent part, "[D]istrict courts ... have original jurisdiction of any action in the nature of mandamus <u>to compel an officer or employee of the United States or any agency thereof</u> to perform a duty owed

to the plaintiff." (emphasis supplied) Neither the Fifth Judicial District Court nor the Second Circuit Court of Appeals nor the State of Louisiana are "officers or employees of the United States." Plaintiff is clearly not entitled to *mandamus* relief.

Therefore,

**IT IS RECOMMENDED** that the instant Petition for Supervisory Writ of Mandamus be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, July 22, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE